**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CARLOS PEREZ, on behalf of
himself and all others similarly
situated,
      *Plaintiffs-Appellees,*

v.

MATTHEW CATE; WILLIAM
KUYKENDALL; ROBIN DEZEMBER;
EDMUND G. BROWN, JR.,*
      *Defendants-Appellants,*

No. 09-17185

D.C. No.
C 05-5241-JSW

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted
November 5, 2010—San Francisco, California

Filed January 13, 2011

Before: Ronald M. Gould and Sandra S. Ikuta,
Circuit Judges, and Edward R. Korman,
Senior District Judge.**

Opinion by Judge Ikuta

---

*Edmund G. Brown, Jr. is substituted for his predecessor, Arnold Schwarzenegger, as Governor of the State of California. Fed. R. App. P. 43(c)(2).

**The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## COUNSEL

Phillip Lindsay, State of California, San Diego, California, for defendant-appellants Matthew Cate, et al.

Donald Specter, Alison Hardy, Prison Law Office, Berkeley, California, for plaintiff-appellees Carlos Perez, et al.

**OPINION**

IKUTA, Circuit Judge:

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, caps attorney fees authorized under 42 U.S.C. § 1988 at 150% of the "rate established" by the Criminal Justice Act, 18 U.S.C. § 3006A, "for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). This appeal raises the question whether the fee cap also applies to separately billed paralegal fees. Because the Supreme Court has determined that, for purposes of § 1988, the phrase "reasonable attorney's fee" encompasses separately billed paralegal services, *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989), we hold that paralegal fees are subject to the same cap under the PLRA as attorney's fees, and therefore affirm the decision of the district court.

I

Carlos Perez and the class of all current and future California inmates housed at one of California's thirty-three state prisons brought an action under 42 U.S.C. § 1983 against California prison officials, alleging that they violated the Eighth Amendment in their provision of dental care. The parties settled the action and entered into a remedial plan which provided, among other things, that plaintiffs would monitor the prison officials' implementation of the plan. The parties agreed that plaintiffs were entitled to attorney's fees as the prevailing party, limited to the "billing rates [set forth under] 42 U.S.C. § 1997e(d) of the PLRA," including "fees and costs incurred in connection" with monitoring the implementation of the remedial plan. The District Court for the Northern District of California approved the plan in August 2006. On April 10, 2007, the court entered a stipulated order for the periodic payment of plaintiffs' attorney's fees and costs. During 2007, the prison officials paid the attorney's fees amounts requested

by plaintiffs, including the rates charged by plaintiffs for paralegal services.

In 2008, plaintiffs submitted attorney's fees statements asking for payment for paralegal services at a rate of $169.50 per hour. The prison officials refused to pay plaintiffs the requested hourly rate, offering $135 per hour instead. At a hearing on this dispute before the district court, the prison officials claimed that, under the PLRA, plaintiffs were entitled to seek a maximum of $82.50 per hour for paralegal services. The district court disagreed and determined that plaintiffs' proposed hourly rate of $169.50 was reasonable for the work performed and was below the market rate for paralegals in the Bay Area. Therefore, the court ordered prison officials to pay plaintiffs $3,553, the full amount in dispute. Prison officials timely appealed, arguing that the $169.50 per hour rate exceeded the rate for paralegal fees allowed under the PLRA.

## II

We review the district court's interpretation of the PLRA's provisions governing attorney's fees de novo, *see Webb v. Ada Cnty.*, 285 F.3d 829, 834 (9th Cir. 2002), and its determination of the amount of an award within the statutory range for abuse of discretion, *see Dannenberg v. Valadez*, 338 F.3d 1070, 1073 (9th Cir. 2003).

In order to determine whether the $169.50 per hour rate approved by the district court for paralegals was permissible under the PLRA, we begin by examining the plain language of the statute. *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008).

[1] The PLRA governs prisoners' legal actions "with respect to prison conditions." *See* 42 U.S.C. § 1997e(a). Limitations on attorney's fees are set forth in § 1997e(d). Among other limitations, § 1997e(d)(3) provides that "[n]o award of

attorney's fees in an action [brought by prisoners in which attorney's fees are authorized under 42 U.S.C. § 1988] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, United States Code for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). In other words, the district court has authority to award attorney's fees up to 150 percent of the hourly rate for counsel established in the Criminal Justice Act, 18 U.S.C. § 3006A.

Section 3006A requires every district court, with the approval of the judicial counsel of the relevant circuit, to furnish representation for criminal defendants who lack the financial capacity to hire an attorney themselves. Relevant here, the statute sets forth the maximum hourly rate for payment of court-appointed counsel. Specifically, it states that "[a]ny attorney appointed pursuant to this section" shall "be compensated at a rate not exceeding $60 per hour for time expended in court . . . unless the Judicial Conference determines that a higher rate of not in excess of $75 per hour is justified for a circuit or for particular districts within a circuit." 18 U.S.C. § 3006A(d)(1). It also allows the Judicial Conference to raise the maximum hourly rate above $75 per hour from time to time pursuant to a complex formula set forth in the statute. *See id.* Further, it requires the Judicial Conference to "develop guidelines for determining the maximum hourly rates for each circuit . . . with variations by district, where appropriate." *Id.*

**[2]** In 2000, the Judicial Conference increased the maximum hourly rate for court-appointed counsel to $113 in all ninety-four judicial districts, effective April 1, 2002.[1] *See*

---

[1]Specifically, the Defender Services Committee of the Judicial Conference recommended a rate of $113, and the full Conference ratified this recommendation. *See Report of the Proceedings of the Judicial Conference of the United States* (Sept. 19, 2000), http://www.uscourts.gov/FederalCourts/JudicialConference/Proceedings/Proceedings.aspx?doc=/uscourts/FederalCourts/judconf/proceedings/2000-09.pdf; *see also* H.R. Rep. No. 107-139, at 93 (2001) (noting that a rate increase of $113 was "authorized by the Criminal Justice Act"); H.R. Conf. Rep. 107-278, at 142 (2001) (adopting the language of H.R. Rep. 107-139 by reference).

Admin. Office of the U.S. Courts, *Fiscal Year 2002 Congressional Budget Summary* 6.13 (Feb. 2001); *see also Johnson v. Daley*, 339 F.3d 582, 584 n.† (7th Cir. 2003) ("In September 2000 the Judicial Conference authorized use of the $75 rate for all work nationwide and determined that the inflation-adjusted rate would be $113 per hour . . . ."). Accordingly, reading the PLRA and the Criminal Justice Act together, the PLRA allows an award of attorney's fees in the Northern District of California based on an hourly rate up to 150 percent of $113, or $169.50.

We must next determine how the $169.50 per hour cap on attorney's fees applies to paralegal fees. Although the PLRA does not directly address paralegal fees, the Supreme Court has provided guidance on this issue in two opinions, *Jenkins*, 491 U.S. 274, and *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571 (2008).

In *Missouri v. Jenkins*, the Court was tasked with interpreting the Civil Rights Attorney's Fees Awards Act of 1976, which provides for a "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *Jenkins*, 491 U.S. at 276. *Jenkins*, 491 U.S. at 276. This is the same statute referenced in the PLRA. *See* 42 U.S.C. § 1997e(d)(1) ("In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are *authorized under section 1988 of* [*this title*] . . . .") (emphasis added). The Court viewed as "self-evident" that a "reasonable attorney's fee" could not have been "meant to compensate only work performed personally by members of the bar." *Jenkins*, 491 U.S. at 285. Instead, the Court explained, "reasonable attorney's fee" refers to a "reasonable fee for the work product of an attorney," including the work of "secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client," as well as "other expenses and profit." *Id.*

**[3]** Because there was no basis for distinguishing paralegals from librarians, the only "question [was] how the work

of paralegals [was] to be valuated." *Id.* The Court reasoned that an attorney could include paralegal work as part of the attorney's hourly fee and thus charge a higher rate to cover the value of the paralegal's services. *Id.* at 286-87. Alternatively, the attorney could bill separately for the paralegal's services at market rates. *Id.* Concluding that the latter option did not give the attorney a windfall but actually made "economic sense" and could result in cost-savings, the Court held attorney's fees under § 1988(b) can include separately billed paralegal fees, so long as these fees "are consistent with market rates and practices." *Id.* at 287-88.

**[4]** The Court affirmed the continued vitality of *Jenkins* in *Richlin*, which held that separately billed paralegal fees were compensable under the Equal Access to Justice Act. 553 U.S. at 590. This act permits an eligible prevailing party to recover "fees and other expenses incurred by that party in connection with a proceeding before an administrative agency." *Id.* at 576 (quoting 5 U.S.C. § 504(a)(1)) (internal quotation marks omitted). The Court explained that "[u]nder the reasoning of *Jenkins*, we take it as 'self-evident' that when Congress instructed agencies to award 'attorney . . . fees' to certain parties prevailing against the Government, that term was intended to embrace paralegal fees as well." *Id.* at 581. *Jenkins* and *Richlin* thus make clear that where, as here, a party is entitled to attorney's fees under 42 U.S.C. § 1988, they include separately billed paralegal fees at the market rate. Our conclusion in this regard is buttressed by the fact that the PLRA post-dates *Jenkins*. *See Comm'r v. Keystone Consol. Indus.*, 508 U.S. 152, 159 (1993) (noting presumption that Congress is aware of "settled judicial . . . interpretation[s]" of terms when it enacts a statute).

**[5]** Therefore, because the PLRA allows an award of attorney's fees in the Northern District of California based on an hourly rate up to $169.50, and because attorney's fees include separately billed paralegal fees, we conclude that the PLRA allows an award of paralegal fees up to $169.50 per hour. As

the parties do not dispute that $169.50 per hour is below the paralegal market rate in the Bay Area, the district court did not abuse its discretion in awarding plaintiffs $169.50 per hour in this case.

## III

The prison officials make a three-part argument as to why we should read the PLRA as capping paralegal fees at a lower hourly rate than the rate for court-appointed counsel. First, the prison officials note that § 3006A requires the Judicial Conference to "develop guidelines for determining the maximum hourly rates for each circuit . . . with variations by district, where appropriate." 18 U.S.C. § 3006A(d)(1). Second, they assert that the Judicial Conference has discharged this obligation by promulgating the *Guide to Judiciary Policy*, Volume 7: Defender Services, which "sets forth Judicial Conference policy on," among other things, "payment of private 'panel' attorneys." 7A *Guide to Judiciary Policy* § 120, http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/Viewer.aspx?doc=/uscourts/FederalCourts/AppointmentOfCounsel/vol7/Part-A.pdf (last revised Aug. 2, 2010). Section 320.70.50 of Volume 7 of the *Guide* provides that for services of paralegals, among other non-secretarial support personnel, "the court will determine a reasonable hourly compensation rate that may not exceed the lesser of the rate paid to counsel under the CJA or the rate typically charged by counsel to a fee-paying client for such services." *Id.* § 320.70.50(a). The prison officials assert that this section constitutes a delegation of authority to district courts to determine hourly rates for paralegals. Third, the prison officials assert that the Northern District of California has exercised this delegation in its General Order No. 2 and its Criminal Justice Act Panel Attorney Manual, which provide that the hourly rate for paralegals may not exceed $55 per hour for contract paralegals or the salaried hourly rate, plus costs of employer-paid basic benefits, for paralegals who are employees. *See* United States District Court for the Northern District of California, *Criminal Justice*

*Act Panel Attorney Manual* (Dec. 30, 2009), www.cand.uscourts.gov (click "CJA" tab, select "CJA Policy Manual," then follow "Manual" hyperlink). Accordingly, the prison officials conclude that the PLRA limits paralegal fees to no more than 150 percent of the $55 hourly rate established under the *Manual*, or $82.50.

**[6]** We disagree with this analysis. First, by its terms, the PLRA establishes that the rate for attorney's fees will be 150 percent of a single, benchmark rate: the "hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). The PLRA does not authorize a court to award attorney's fees based on any rate other than this benchmark amount; therefore, a court making the calculation required by the PLRA is not limited by the hourly rates suggested by the Judicial Conference or established by the Northern District of California for payment of paralegals under the Criminal Justice Act. Second, although the prison officials make much of the direction in 18 U.S.C. § 3006A to develop guidelines for determining the maximum hourly rates for attorney's fees, such guidelines are not binding on a court tasked with determining the maximum allowable hourly rate under the PLRA, because such guidelines do not themselves constitute the Judicial Conference's determination of the rate that is justified for a circuit or district. Rather, § 3006A makes clear that the fees for court-appointed counsel mandated by that section are either $60 per hour or the higher amount determined by the Judicial Conference, and here the Judicial Conference has determined that $113 is justified for the Northern District of California. *See* note 1 and accompanying text, *supra*.

**[7]** Finally, the prison officials argue that their interpretation of the PLRA is consistent with Congress's intent in enacting a statute limiting fees in prisoner cases, namely "to curtail frivolous prisoners' suits and to minimize the costs—which are borne by taxpayers—associated with those suits." *Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir. 1999). But as

plaintiffs argue, Congress could have reasonably decided that placing a strict cap on attorney's fees, linked to the rate established under the Criminal Justice Act for court-appointed counsel, was sufficient to further this policy. The prison officials also note the incongruity of authorizing payment for paralegals at the same hourly rate as attorneys. Plaintiffs, however, explain that this anomaly is the result of a steady increase in both paralegal and attorney rates from 2002 to 2008, when the Criminal Justice Act failed to increase the hourly rate for court-appointed counsel.[2] As a result, both the $113 per hour maximum rate for attorneys under the Criminal Justice Act, and even 150 percent of that rate as allowed under the PLRA, are below the market rate for attorneys and, now, paralegals. According to plaintiffs, this anomaly has diminished now that the Judicial Conference has raised the maximum hourly rate for court-appointed counsel to $142 (150 percent of which totals $213) per hour. *See* Admin. Office of the U.S. Courts, *Fiscal Year 2010 Congressional Budget Summary* 6 (Feb. 2009), http://jnet.ao.dcn/ Finance_and_Budget/Cong_Budget_Summary/FY_2010_ Congressional_Budget_Summary.html.

Notwithstanding these policy considerations, we are bound by the plain language of the statute, and must "presume that [the] legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (plurality opinion) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)) (internal quotation marks omitted). Because the PLRA limits courts to an hourly rate that is 150 percent of the rate established for court-appointed counsel under the Criminal Justice Act and does not set a separate benchmark rate for paralegal fees, we affirm the district court's order granting plaintiffs' motion to

---

[2]The Judicial Conference considered the $113 rate authorized in 2002 to be merely a cost of living increase. *See* Admin. Office of the U.S. Courts, *supra*, at 6.10.

compel payment of $3,553 in paralegal fees.

**AFFIRMED.**